515 S.E.2d 96

In the Matter of Alice Jefferies **PERKINS**, Respondent.

No. 24925.

Supreme Court of South Carolina.

Submitted Feb. 23, 1999.

Decided March 22, 1999.

Attorney General Charles M. Condon and Senior Assistant Attorney General James G. Bogle, Jr., both of Columbia, for the Office of Disciplinary Counsel.

John P. Freeman, of Columbia, for respondent.

PER CURIAM:

In this attorney disciplinary matter, respondent and Disciplinary Counsel have entered into an agreement under Rule

21 of the Rules for Lawyer Disciplinary Enforcement (RLDE) contained in Rule 413, SCACR. In the agreement, respondent admits misconduct and consents to a public reprimand, participation in the South Carolina Bar's Law Office Management Assistance Program (LOMAP), and completion of special conditions for some of the matters discussed below. We accept the agreement.

### Arlene Johnson Matter

Arlene Johnson, a widow, retained respondent to title Mrs. Johnson's home in her name and paid respondent a flat fee of $500 to accomplish that task. While representing Mrs. Johnson, respondent filed a summons and petition in the Richland County Probate Court and represented Mrs. Johnson at a hearing to establish the heirs at law of Mrs. Johnson's husband. Prior to the hearing, Mrs. Johnson gave her husband's death certificate and the birth certificates for each of her three children to respondent.

After the probate court issued an order naming Mr. Johnson's heirs at law, respondent took no further steps to title the home in Mrs. Johnson's name. Mrs. Johnson mailed respondent at least two certified letters, but respondent failed to retrieve or respond to these letters. In at least one of her letters, Mrs. Johnson asked respondent to return the death certificate and the birth certificates. Respondent did not return those documents.

Mrs. Johnson then wrote a letter of complaint to the Office of Disciplinary Counsel. The Office of Disciplinary Counsel mailed a copy of Mrs. Johnson's letter to respondent and requested a reply within fifteen days. Respondent failed to reply to this letter, to a second letter from the Disciplinary Counsel, and to a Notice of Full Investigation.

### Carolyn A. Medlin Matter

Carolyn Medlin hired respondent to represent her in a zoning matter and agreed to pay a $200 legal fee and $100 for costs, $55 of which were spent for a filing fee. Approximately two years after hiring respondent, Ms. Medlin sent a letter of complaint to the Commission of Lawyer Conduct. The Commission mailed two letters of inquiry in connection with this matter to respondent but received no response. Respondent

indicates that, at the time in question, she had difficulty with the postal service forwarding her mail.

### Teresa Smith Matter

Teresa Smith hired respondent to settle the estate of Ms. Smith's father. Through respondent's efforts, Ms. Smith was appointed as personal representative of the estate; however, respondent failed to determine, within a two-year period, how to partition a tract of land so the estate could sell its interest in that land.

### Cynthia G. Bair Matter

Respondent performed legal services for Cynthia G. Bair in connection with a Family Court matter. Ms. Bair subsequently hired Frederick I. Hall, III, as her attorney and asked respondent to transfer her file to Mr. Hall. Despite repeated efforts on the part of Ms. Bair and Mr. Hall, respondent did not turn over Ms. Bair's file. In addition, respondent failed to respond to two letters and a Notice of Full Investigation from the Commission on Lawyer Conduct. Respondent has since delivered Ms. Bair's file to the Office of the Attorney General, who released the file to Mr. Hall.

### John A. Hutchinson Matter

After his wife's death in 1993, John A. Hutchinson opened an estate file with the Richland County Probate Court; however, in November, 1996, he retained respondent to handle the estate file. Mr. Hutchinson provided respondent with documents she had requested and then attempted to call respondent so the estate file could be closed. Mr. Hutchinson was not able to contact her.

In September or October 1997, respondent told Mr. Hutchinson that she had filed the necessary documents with the Probate Court. Mr. Hutchinson then arranged to meet respondent at the Probate Court; however, on the morning of their meeting, respondent told Mr. Hutchinson she had an emergency and canceled the meeting. Mr. Hutchinson went to the Probate Court and learned that respondent had not requested the estate be closed.

In mitigation, respondent submits that while she was handling all of the above discussed matters, she was suffering

from depression, which started during the final trimester of her first pregnancy, and was the main care giver for her newborn child.

### Conclusion

By her conduct in these matters, respondent failed to provide competent representation, failed to act with reasonable diligence and promptness in representing clients, failed to abide by a client's decision regarding scope of representation, failed to keep her clients reasonably informed about the status of their matters, failed to comply promptly with reasonable requests for information, and failed to account for or return property. Rules 1.1, 1.2, 1.3, 1.4, and 1.15, Rule 407, SCACR.

Furthermore, respondent violated provisions of Rule 7(a), RLDE, by violating a Rule of Professional Conduct, failing to respond to a lawful demand from a disciplinary authority, engaging in conduct tending to pollute the administration of justice or bring the Courts or legal profession into disrepute or conduct demonstrating an unfitness to practice law, and violating her oath of office as an attorney. Rule 7(a)(1), (a)(3), (a)(5), and (a)(6), RLDE, Rule 413, SCACR.

Accordingly, respondent is hereby publicly reprimanded. Respondent is also ordered, within six months of this opinion, to participate in LOMAP and to complete the following special conditions relating to some of the specific matters discussed above: (1) the Johnson matter—return the death certificate and birth certificates or, if the original documents are not available, certified copies thereof and refund $150 in attorney fees to Mrs. Johnson; (2) the Medlin matter—refund $200 in attorney fees and $45 in costs to Ms. Medlin; and (3) the Hutchinson matter—return Mr. Hutchinson's client file to the Office of the Attorney General and refund $200 in attorney fees to Mr. Hutchinson. Finally, respondent is directed to provide the Disciplinary Counsel with proof that she participated in LOMAP and completed the special conditions within the time frame established by this opinion.

PUBLIC REPRIMAND.